**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>EASTMAN KODAK COMPANY, *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Bankruptcy Court Case No. 12-10202 (ALG)<br>(Jointly Administered)<br><br>District Court Case No. 12-cv-04881-GBD |

<u>**DEFENDANT FLASHPOINT TECHNOLOGY INC.'S ANSWER, AFFIRMATIVE
DEFENSES, COUNTERCLAIMS AND CROSS-CLAIMS TO ADVERSARY
COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**</u>

Defendant FlashPoint Technology, Inc. ("FlashPoint"), by and through its attorneys,

respectfully submits this Answer, Affirmative Defenses, Counterclaims and Cross-Claims to

Plaintiffs Debtors Eastman Kodak Company, et al., (collectively, "Kodak" or "Debtors") and

Apple Inc. ("Apple").  Allegations not expressly admitted are hereby denied.

<u>**NATURE OF ACTION**</u>

1.      Paragraph 1 contains legal conclusions to which no answer is required.  To

the extent an answer is required, FlashPoint denies the allegations in Paragraph 1 of the

Complaint.

2.      FlashPoint lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies the same.

3.      FlashPoint lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3 of the Complaint pertaining to Apple and, on that

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman
Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak
(Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging
Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc.
(2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019).
The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

basis, denies the same.  FlashPoint admits that it appeared in the Debtors' chapter 11 proceedings and asserted ownership of the U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391, the purported "Claimed Kodak Patents."  FlashPoint denies the remaining allegations of Paragraph 3 of the Complaint.

4.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint pertaining to Apple and, on that basis, denies the same.  FlashPoint admits that it contends, among others, that a 1996 agreement between Apple and FlashPoint assigned all rights Apple has in the purported "Claimed Kodak Patents" to FlashPoint.  FlashPoint denies the remaining allegations of Paragraph 4 of the Complaint.

5.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint pertaining to Apple and, on that basis, denies the same.  FlashPoint denies the remaining allegations of Paragraph 5 of the Complaint.

6.     Paragraph 6 contains legal conclusions to which no answer is required.  To the extent an answer is required, FlashPoint denies the allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies the same.

8.     Paragraph 8 contains legal conclusions to which no answer is required.  To the extent an answer is required, FlashPoint denies that this Court has jurisdiction over this adversary proceeding and does not consent to its jurisdiction.

9. Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, FlashPoint denies that this Court has jurisdiction over this adversary proceeding and does not consent to its jurisdiction.

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, FlashPoint denies that venue is proper in this Court.

11. Paragraph 11 contains legal conclusions to which no answer is required. To the extent an answer is required, FlashPoint denies the allegations in Paragraph 11 of the Complaint. FlashPoint does not consent to the entry of findings of fact or conclusions of law by this Court.

12. Paragraph 12 contains legal conclusions to which no answer is required.

## PARTIES

13. FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies the same.

14. FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies the same.

15. FlashPoint admits that is a corporation organized and existing under the laws of the State of Delaware. FlashPoint admits that it maintains its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458. FlashPoint further admits that it was formed in 1996 as a spinout of Apple's digital camera business. FlashPoint denies the remaining allegations of Paragraph 15 of the Complaint.

## STATEMENT OF FACTS

**A.    Background and the Claimed Kodak Patents**

16. FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies the same.

17.     FlashPoint admits that Apple and Kodak participated in joint development efforts in the 1990's relating to digital camera technology, including, but not limited, under the Apple projects Adam, Aspen and Phobos.  FlashPoint denies the remaining allegations of Paragraph 17 of the Complaint.

18.     FlashPoint admits that U.S. Patent No. 6,292,218 (the "'218 Patent") states on its face that it was based on an application filed on December 30, 1994, and issued on September 18, 2001, and that it lists Kenneth A. Parulski and Timothy J. Tredwell as inventors.

- FlashPoint admits that U.S. Patent No. 5,493,335 (the "'335 Patent"), titled "Single Sensor Color Camera with User Selectable Image Record Size," states on its face that it issued on September 18, 2001, and lists Mr. Parulski, Richard M. Vogel, and Seishi Ohmori as inventors, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 5,828,406, titled "Electronic Camera Having a Processor for Mapping Image Pixel Signals into Color Display Pixels," states on its face that it issued on October 27, 1998, lists inventors Messrs. Parulski and Tredwell, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 6,147,703, titled "Electronic Camera with Image Review," states on its face that it issued on November 14, 2000, and lists inventors Michael Eugene Miller and Richard William Lourette, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 6,441,854, titled "Electronic Camera with Quick Review of Last Captured Image," states on its face that it issued on August 27, 2002, and lists inventors Mr. Lourette, Mr. Miller, Peter Fellegara, Linda M. Antos, and Robert H. Hibbard, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 6,879,342, titled "Electronic Camera with Image Review," states on its face that it issued on April 12, 2005, and lists inventors Messrs. Miller and Lourette, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 7,210,161 (the "'161 patent"), titled "Automatically Transmitting Images from an Electronic Camera to a Service Provider Using a Network Configuration File," states on its face that is continuation of application No. 09/004,046, filed on January 7, 1998, and it issued on April 24, 2007, and that it lists inventors Mr.

Parulski, Joseph Ward, and James D. Allen, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 7,453,605 (the "'605 patent"), titled "Capturing Digital Images To Be Transferred to an E-Mail Address," states on its face that it is continuation of application No. 09/821,152, filed on March 29, 2001, which is a continuation of application No. 08/977,382, filed on November 24, 1997, and that it was issued on November 18, 2008, and lists inventors Mr. Parulski, Mr. Ward, and Michael C. Hopwood, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 7,742,084 (the "'084 patent"), titled "Network Configuration File for Automatically Transmitting Images From an Electronic Still Camera," states on its face that it was issued on June 22, 2010, is a continuation of application No. 09/783,437, filed on February 14, 2001, which is a division of application No. 09/004,046, filed on January 7, 1998, and lists inventors Messrs. Parulski, Ward, and Allen, and lists Kodak as the assignee.

- FlashPoint admits that the U.S. Patent No. 7,936,391 (the "'391 patent"), titled "Digital Camera with Communications Interface for Selectively Transmitting Images Over a Cellular Phone Network and a Wireless LAN Network to a Destination," states on its face that it was issued on May 3, 2011, is a continuation of application No. 11/692,224, filed on March 28, 2007, which is a continuation of application No. 09/783,437, filed on February 14, 2001, which is a division of application No. 09/004,046, filed on February 7, 1998, and lists inventors Messrs. Parulski, Ward, and Allen, and lists Kodak as the assignee of the patent.

FlashPoint denies the remaining allegations of Paragraph 18 of the Complaint, including its subparagraphs.

19.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies the same.

20.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies the same.

**B.     Other Litigation Relating to Apple's Ownership Claim To The '218 Patent**

21.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies the same.

22.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies the same.

**C.      Apple's and FlashPoint's Requests for Relief In This Court**

23.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies the same.

24.     FlashPoint admits that it appeared before the Court at the March 8, 2012, hearing in Case No.: 12-10202 (ALG) regarding FlashPoint's ownership claim in the '218 patent.  FlashPoint denies the remaining allegations of Paragraph 24 of the Complaint.

25.     FlashPoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies the same.

26.     FlashPoint admits that because of the standstill agreement with Kodak and Apple which resulted from Kodak's request to FlashPoint to assist Kodak against Apple's ownership claims concerning the '218 patent, and in which FlashPoint agreed not to file a lawsuit against Kodak to enforce FlashPoint's ownership rights, FlashPoint did not formally assert its ownership rights until the March 8, 2012, hearing.  FlashPoint denies the remaining allegations of Paragraph 26 of the Complaint.

27.     FlashPoint admits that the Court held a hearing on June 13, 2012, on Debtors' Request For An Order In Aid Of An Asset Sale Pursuant to Section 363 Of The Bankruptcy Code (Docket No. 1312).  The second sentence of Paragraph 27 contains legal conclusions to which no answer is required.  FlashPoint denies the remaining allegations of Paragraph 27 of the Complaint.

## COUNT I
**(Declaratory Judgment)**

28.     In response to the allegations contained in Paragraph 28 of the Complaint,

FlashPoint realleges Paragraphs 1-27 as if fully set forth herein.

29.     FlashPoint denies the allegations in Paragraph 29 of the Complaint.

30.     FlashPoint denies the allegations in Paragraph 30 of the Complaint.

31.     FlashPoint denies the allegations in Paragraph 31 of the Complaint.

## COUNT II
**(Declaratory Judgment)**

32.     In response to the allegations contained in Paragraph 32 of the Complaint,

FlashPoint realleges Paragraphs 1-31 as if fully set forth herein.

33.     FlashPoint denies the allegations in Paragraph 33 of the Complaint.

34.     FlashPoint denies the allegations in Paragraph 34 of the Complaint.

35.     FlashPoint denies the allegations in Paragraph 35 of the Complaint.

## COUNT III
**(Declaratory Judgment)**

36.     In response to the allegations contained in Paragraph 36 of the Complaint,

FlashPoint realleges Paragraphs 1-35 as if fully set forth herein.

37.     FlashPoint denies the allegations in Paragraph 37 of the Complaint.

38.     FlashPoint denies the allegations in Paragraph 38 of the Complaint.

## DENIAL OF KODAK'S PRAYER FOR RELIEF

39.     FlashPoint denies that Kodak is entitled to an award of any relief at all,

including the relief sought in its prayer for relief against FlashPoint.  Kodak is not entitled to

recover injunctive relief, attorneys' fees, or any other type of recovery from FlashPoint.  Kodak's

prayer should, therefore, be denied in its entirety and with prejudice, and Kodak should take nothing.

## DEMAND FOR JURY TRIAL

40.     FlashPoint requests a jury trial on all issues so triable.

FlashPoint denies all allegations and statements not expressly admitted or responded to herein and further denies that Kodak is entitled to any of the relief requested, or to any relief at all.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Kodak in its Complaint, and for its affirmative defenses, FlashPoint alleges as follows:

### First Affirmative Defense -

41.     Kodak has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

42.     On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak's claims in Counts I, II, and III and prayer for relief are barred because FlashPoint is a rightful owner of each of the purported "Claimed Kodak Patents," U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391, because FlashPoint's or Apple's employees are sole or joint inventors of these patents.

### Third Affirmative Defense

43.     On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak's claims in Counts I, II, and III and prayer for relief are barred because FlashPoint is a rightful owner of each one of the purported "Claimed Kodak Patents," U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342;

7,210,161; 7,453,605; 7,742,084; and 7,936,391, because one or more FlashPoint or Apple employees contributed one or more elements of one or more claims of each one of these patents and therefore are sole or joint inventors.  In the alternative, Kodak is obligated to assign each one of these patents to FlashPoint pursuant to at least the January 1, 1997, and November 5, 1998, Development Agreements between Kodak and FlashPoint.

### Fourth Affirmative Defense

44.     FlashPoint's ownership and inventorship claims in the purported "Claimed Kodak Patents" are not time barred by statute of limitations.

### Fifth Affirmative Defense

45.     FlashPoint's ownership and inventorship claims in the purported "Claimed Kodak Patents" are not time barred by the doctrine of laches because FlashPoint engaged in conduct to preserve its rights and did not otherwise unreasonably or inexcusably delay in bringing its claims.

### Sixth Affirmative Defense

46.     Kodak is barred from asserting that FlashPoint's ownership and inventorship claims in the purported "Claimed Kodak Patents" are time barred because Kodak failed to inform FlashPoint of FlashPoint's ownership and inventorship rights.

### Seventh Affirmative Defense

47.     FlashPoint had no knowledge of or reason to have knowledge of the ownership and inventorship claims in the purported "Claimed Kodak Patents" until Kodak put FlashPoint on notice of FlashPoint's claims in August 2010.

### Eighth Affirmative Defense

48.     FlashPoint's ownership and inventorship claims are not time barred because of the doctrine of equitable tolling.

### Ninth Affirmative Defense

49.     Kodak's claims for relief cannot and should not be adjudicated by the Bankruptcy Court, are in whole or in part outside the authority of the Bankruptcy Court, and should instead be withdrawn to the District Court which has the appropriate authority to conduct necessary proceedings.

### Tenth Affirmative Defense

50.     FlashPoint reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Law of the United States and any other defense, at law or in equity, that may now exist or in the future be available based on discovery and on further investigation in this case.

## COUNTERCLAIMS AND CROSS-CLAIMS

Defendant/Counterclaim-Plaintiff FlashPoint asserts the following counterclaims and cross-claims to obtain a declaratory judgment that (i) FlashPoint is the rightful owner of U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 (the "Thirteen Disputed Patents," as defined below); (ii) the provisions of Section 9 of March 17, 1997 License Agreement between FlashPoint and Kodak are valid and enforceable as against Kodak; and (iii) Apple transferred any ownership right it may have in U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391 (the "Ten Disputed Patents") to FlashPoint pursuant to the November 11, 1996 Technology Transfer, License and Development Agreement between FlashPoint and Apple, and has no standing to correct inventorship under 35 U.S.C. § 256.

## The Parties

51.     FlashPoint is a corporation organized and existing under the laws of the State of Delaware.  FlashPoint maintains its principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458.

52.     On information and belief, Plaintiff/Counterclaim-Defendant Eastman Kodak Company, a debtor in the chapter 11 proceedings and its affiliated debtors and debtors in possession (collectively, "Kodak" or "Debtors") [2] is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650.

53.     On information and belief, Defendant/Crossclaim-Defendant Apple, Inc. ("Apple") is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## Jurisdiction and Venue

54.     These action arise under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     The district court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. [3]

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019). The location of the Debtors' corporate headquarters is:  343 State Street, Rochester, NY 14650.

[3]     Because Kodak has raised the issue of ownership of certain patents in its portfolio, which Kodak is seeking to sell, FlashPoint believes that it is compelled to assert its counterclaims and cross-claims with respect to those patents in this proceeding.  By asserting these compulsory claims, however, FlashPoint does not consent to the jurisdiction of the Bankruptcy Court nor intends to waive any of its rights with respect thereto.

56.     An actual controversy exists under the Declaratory Judgment Act because Kodak has asserted and is asserting claims of ownership of the purported "Claimed Kodak Patents" against FlashPoint and FlashPoint denies those assertions.

57.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## Facts Relevant To Inventorship, Ownership, Breach of Contract, Conversion, and Unfair Competition Claims

**I.      Introduction**

58.     In the early 1990s, Apple recognized that the future of the digital camera industry lay with software based digital cameras – an insight which has become a reality in today's market – and therefore endeavored to develop and commercialize a software-based digital camera.  In 1994, to make its concept a reality, Apple turned to Kodak, with whom it had previously developed and released the Apple-branded QuickTake 100 digital camera, to jointly develop a software-based digital camera.

59.     Apple and Kodak agreed to work together to develop a software-based digital camera that would be sold under the Apple and Kodak brands.   Specifically, Apple would develop the software running on the digital camera, including the camera operating system, while Kodak was to develop and manufacture the hardware platform on which Apple's software would run.

60.     Despite their past success in jointly developing digital cameras, the relationship between Apple and Kodak quickly began to deteriorate.  In 1996, Apple decided that it would spin out its digital camera projects to a company called FlashPoint.  Apple's digital camera intellectual property and personnel were transferred to FlashPoint as a part of the spin out.

61.     FlashPoint continued to develop the digital camera operating system that began at Apple.  FlashPoint developed software and system architectures that revolutionized the way digital cameras operate.  This innovation included the Digita® operating system, for which FlashPoint has been granted numerous patents that have been widely licensed to many participants in the digital camera industry.  Companies such as Kodak, Hewlett Packard, Pentax, and Minolta have all incorporated FlashPoint's technology into their products.

## II.     The Controversy Between FlashPoint and Kodak and Between FlashPoint and Apple

62.     Kodak commenced a chapter 11 bankruptcy proceeding, in which it seeks to sell certain patent assets, including the patents in its so-called Digital Capture Portfolio.  In order to expedite the sale of those patent assets, Kodak filed this action against FlashPoint, seeking to deprive FlashPoint of its property rights in U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391 (the "Ten Disputed Patents").  These are the same Ten Disputed Patents which Apple claims it owns pursuant to a December 1994 agreement between Kodak and Apple.  As a result of Apple's spinout of FlashPoint, Apple transferred to FlashPoint any rights it has with respect to the Ten Disputed Patents.  As such, it is FlashPoint who owns those patents and not Apple.

63.     Apple's claim that it owns the Ten Disputed Patents, which were issued to Kodak in the technical area of Apple and Kodak's collaboration to develop a software-based digital camera, the very business which Apple spun out to FlashPoint, prompted further investigation by FlashPoint.  As a result, on information and belief, FlashPoint is either a sole or joint owner of three additional Kodak patents: U.S. Patent Nos.; 6,288,743 ("the '743 patent"); 6,542,192 ("the '192 patent"); and 7,508,444 ("the '444 patent") (collectively, the "Three Disputed Patents").  In sum, FlashPoint has a claim for ownership of the Ten Disputed Patents

and at least the Three Disputed Patents, for a total of at least thirteen patents issued to Kodak:

U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161;

7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 (together, the "Thirteen

Disputed Patents").

64.     As asserted by Kodak in its complaint, Kodak has generated more than $3

billion in revenue from licensing the patents in the Digital Capture Portfolio, which includes the

Thirteen Disputed Patents.  (Complaint at para. 2)  Kodak has been unjustly enriched at the

expense of FlashPoint, and FlashPoint has suffered and will continue to suffer actual damages by

Kodak's unlawful assertion of ownership rights in the Thirteen Disputed Patents.

65.     Based on the foregoing, there is an actual, immediate and justiciable

controversy between FlashPoint and Kodak, on the one hand, and FlashPoint and Apple, on the

other hand, concerning the ownership of the Thirteen Disputed Patents.

## III.     Agreement Between FlashPoint and Apple

66.     FlashPoint was formed in 1996 as a spinout of Apple's digital camera

business.

67.     As part of the spinout, on November 11, 1996, Apple and FlashPoint

entered into the Technology Transfer, License and Development Agreement.  As part of the

spinout, Apple assigned to FlashPoint Apple's rights and interests in the technology covered by

the Ten Disputed Patents, as well as Apple's rights to pursue any claims regarding that

technology, including the right to sue for past, present and future infringements or

misappropriation of the Transferred Patent and Transferred Software and the right to otherwise

exercise all rights with respect thereto as Apple would have been permitted to exercise had this

assignment not occurred.

68.     Apple's agreement to assign ownership of the technology covered by the Ten Disputed Patents deprives Apple of standing to seek correction of inventorship under 35 U.S.C. § 256.

69.     As part of the spinout, a number of Apple employees who were involved in the digital camera development work as well as in the collaborations with Kodak, including Eric Anderson, came over to FlashPoint.

IV.     **Agreements Between FlashPoint and Kodak**

70.     After FlashPoint was spun out, FlashPoint entered into a number of license and co-development agreements with Kodak, wherein FlashPoint licensed and pursued the development of the technology covered by the Thirteen Disputed Patents.  For example, FlashPoint and Kodak entered into various contracts, including contracts effective as of January 1, 1997, March 17, 1997, November 5, 1998, and June 5, 2003.

71.     Pursuant to the agreements with Kodak effective January 1, 1997, March 17, 1997, and November 5, 1998, among others, FlashPoint collaborated with Kodak whereby it licensed and developed certain FlashPoint digital camera technology for incorporation into camera products to be sold by Kodak as well as certain FlashPoint host computer software for use with digital camera data.

72.     Kodak and FlashPoint have had a long-standing relationship and practice of disclosing confidential information to each other, which was specifically recited in the confidentiality provisions of agreements such as the of January 1, 1997, March 17, 1997, November 5, 1998, and June 5, 2003, among others.  Furthermore, the January 1, 1997 agreement required Kodak and FlashPoint to cooperate regarding the patent application filings. The cooperation between Kodak and FlashPoint and the disclosure of confidential information created a position of trust and fiduciary duty of confidence between the parties in regard to the

confidential information exchanged between FlashPoint and Kodak.  Kodak, however, breached

that position by making a public disclosure (e.g., in filings to the PTO) of the information that

FlashPoint revealed to Kodak in confidence.

73.     Section 9 of the March 17, 1997 agreement contains a covenant wherein

Kodak agreed not to sue, claim or bring any judicial, administrative or other proceeding of any

kind against FlashPoint or its licensees for infringement of Kodak's patents on account of

manufacture, use, sale or distribution during the Immunity Period (defined as commencing with

the first to issue Kodak patent throughout the world (except design patents) owned or acquired

by Kodak prior to termination or expiration of the agreement and terminating upon the last to

expire such patent).  Section 9 of the March 17, 1997 agreement survives termination.  The

covenant granted by Kodak to FlashPoint is akin to a property right.  The covenant of Section 9

of March 17, 1997 agreement between FlashPoint and Kodak is valid and enforceable as against

Kodak.  Any sale of Kodak's Digital Capture portfolio should be subject to the covenant of

Section 9 of the March 17, 1997 agreement.

74.     In the January 1, 1997 and November 5, 1998 agreements, Kodak agreed

that FlashPoint shall have all rights and ownership, without reservations, in the technology

developed pursuant to the agreement, including patent rights.

75.     FlashPoint's employees, including Eric Anderson, worked on digital

camera development, including that set forth in the 1997 and 1998 development agreements.

76.     On information and belief, FlashPoint or Apple employees, including Eric

Anderson and Mike Masukawa, among others, contributed one or more elements of one or more

claims of each of the Thirteen Disputed Patents.

77.     Pursuant to FlashPoint's development work, including that set forth in the 1997 and 1998 agreements with Kodak, FlashPoint is the rightful owner of the Thirteen Disputed Patents.

78.     As part of the 1997 and 1998 agreements, Kodak agreed to assign ownership to FlashPoint of inventions in the technology that FlashPoint developed.  FlashPoint has, therefore, rights in the Thirteen Disputed Patents.  Additionally, Kodak's use of FlashPoint's confidential information and its failure to disclose and assign its rights to the Thirteen Disputed Patent to FlashPoint constitute breaches of the parties' agreements and has unjustly enriched Kodak.  Kodak has also unlawfully converted FlashPoint's intellectual property into its own property, has breached its duty of confidence with FlashPoint, and has committed acts of unfair competition.

## V.     The Standstill Agreement Between FlashPoint, Kodak, and Apple

79.     On January 14, 2010, Kodak filed a complaint for patent infringement against Apple in the Western District of New York.  *Eastman Kodak Company v. Apple, Inc.*, 6:10-cv-06021 (W.D.N.Y.) ("the Western District Action").

80.     On March 25, 2010, the Western District action was stayed pursuant to an on-going proceeding at the International Trade Commission.  (*Id.*, Doc. No. 21).

81.     On August 26, 2010, Apple filed a complaint in the state court of California against Kodak, alleging various state law claims including breach of contract.  *Apple Inc. v. Eastman Kodak Company*, 1-10-CV-181091, (Sup. Ct. Cal.) ("the California Action").

82.     In August 2010, Kodak reached out to FlashPoint, as a third-party, with a request to assist it against Apple's ownership claims concerning U.S. Patent No. 6,292,218 ("the '218 Patent") in a litigation between Apple and Kodak in the California Action.

83.     After Kodak contacted FlashPoint, on September 21, 2010, Kodak, Apple and FlashPoint entered into a standstill agreement.

84.     As part of the Standstill Agreement, FlashPoint agreed not to file a lawsuit to enforce its rights in the '218 Patent until at least January 20, 2011.  FlashPoint also requested documents to investigate its potential claims with respect to the '218 Patent.

85.     The Standstill Agreement was subsequently extended to March 8, 2011.

86.     On September 21, 2010, Kodak also removed the California Action to federal court in California based on diversity.  (1-10-CV-181091, Sup. Ct. Cal., Doc. No. 6).  Thereafter, Kodak requested the action be stayed or transferred to the Western District Action.

87.     On February 1, 2011, the District Court in California stayed the case until April 1, 2011.  In the meantime, Apple was allowed to file a counterclaim in the Western District Action on March 25, 2011, (6:10-cv-06021 WDNY, Doc. No. 23), and at that time, the claims raised in the California Action became subject to the stay already in place in the Western District Action.

88.     On January 19, 2012, Kodak commenced Chapter 11 bankruptcy proceedings.  The Western District Action is also subject to the automatic bankruptcy stay pursuant to 11 U.S.C. § 362.

89.     Because the claims asserted in the California Action were (and still are) stayed, counsel for Kodak, Apple and FlashPoint verbally agreed to continue FlashPoint's standstill in view of the stay.

90.     Since the commencement of Chapter 11 proceedings on January 19, 2012, FlashPoint, Apple, and Kodak have been engaged in negotiating another standstill agreement through the end of May 2012.

**VI.     Statutes of Limitations**

91.     The causes of action alleged below carry either a two, three, or four-year statute of limitations, placing the operative date in August of 2010, when Kodak notified FlashPoint of its ownership claim.

92.     New York uses the "discovery rule" to determine when a cause of action accrues for purposes determining the statute of limitations.  A claim accrues when the plaintiff discovers, or could have discovered through reasonable diligence, the injury and its cause.

93.     FlashPoint did not discover, and could not have discovered through reasonable diligence, Kodak's wrongful acts prior to August of 2010.  Indeed, Kodak's very failure to disclose to FlashPoint its improvements on FlashPoint's technology prevented FlashPoint from having any knowledge of Kodak's wrongful acts; Kodak secretly pursued the Thirteen Disputed Patents without informing FlashPoint of its patenting activities.

94.     Kodak holds thousands of patents, and FlashPoint had no reason to investigate ownership and inventorship claims prior to August 2010.

<u>**COUNT I**</u>
<u>**(Declaratory Judgment That Apple Assigned Any Rights in each of the Ten Disputed Patents to FlashPoint and Has No Standing To Correct Inventorship Under 35 U.S.C. § 256)**</u>

95.     FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

96.     An actual and justiciable controversy exists between FlashPoint and Apple with respect to the ownership of each of the Ten Disputed Patents (U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391) because Apple has claimed ownership of these patents and Kodak has brought an

action against both Apple and FlashPoint alleging that FlashPoint is not the owner, which allegation FlashPoint denies.

97.     To resolve the legal and factual questions raised by Apple and to afford relief from the uncertainty and controversy which Apple's claims have precipitated, FlashPoint is entitled to a declaratory judgment that Apple has assigned any rights it may have in each of the Ten Disputed Patents and has no standing to seek correction of inventorship.

## COUNT II
### (Declaratory Judgment that Kodak's Covenant Not to Assert Any of its Patents Is Valid and Enforceable Against Kodak and Any Purchaser of Kodak's Patents)

98.     FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

99.     An actual and justiciable controversy exists between FlashPoint and Kodak with respect to Section 9 of the March 17, 1997 agreement containing a covenant by Kodak not to sue, claim or bring any judicial, administrative or other proceeding of any kind against FlashPoint or its licensees for infringement of any of Kodak's patents during the Immunity Period commencing with the first to issue Kodak patent throughout the world (except design patents) owned or acquired by Kodak prior to termination or expiration of the agreement and terminating upon the last to expire such patent.

100.     Section 9 of the March 17, 1997 agreement survives termination.

101.     The covenant of Section 9 of March 17, 1997 agreement between FlashPoint and Kodak is valid and enforceable as against Kodak and any purchaser of Kodak's patents.

102.     Kodak did identify the March 17, 1997 agreement as an encumbrance on the planned sale.

103.    To resolve the legal and factual questions raised by Kodak's conduct and to afford FlashPoint relief from the uncertainty of its property right in view of the planned sale, FlashPoint is entitled to a declaratory judgment that Section 9 of the March 17, 1997 agreement is valid and enforceable against Kodak and any purchaser of Kodak's patents.

## COUNT III
### (Declaratory Judgment of Inventorship of the U.S. Patent No. 6,292,218)

104.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

105.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '218 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '218 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '218 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

106.    Eric Anderson and/or one or more FlashPoint or Apple employees contributed to one or more elements of one or more claims of the '218 Patent and therefore are joint inventors.

107.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '218 Patent.

## COUNT IV
### (Declaratory Judgment of Inventorship of the U.S. Patent No. 5,493,335)

108.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

109.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '335 Patent because Kodak has brought this action

against FlashPoint alleging that FlashPoint is not the owner of the '335 Patent, which allegation

FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '335

Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby

cause FlashPoint irreparable injury and damage.

110.    Eric Anderson and/or one or more FlashPoint or Apple employees

contributed to one or more elements of one or more claims of the '335 Patent and therefore are

either sole or joint inventors.

111.    FlashPoint is entitled to a judicial declaration that it is the rightful owner

of the '335 Patent.

### COUNT V
### (Declaratory Judgment of Inventorship of the U.S. Patent No. 5,828,406)

112.    FlashPoint realleges and incorporates all of the preceding Paragraphs

above as though fully set forth herein.

113.    An actual and justiciable controversy exists between FlashPoint and

Kodak with respect to the ownership of the '406 Patent because Kodak has brought this action

against FlashPoint alleging that FlashPoint is not the owner of the '406 Patent, which allegation

FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '406

Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby

cause FlashPoint irreparable injury and damage.

114.    Eric Anderson and/or Mike Masukawa contributed to one or more

elements of one or more claims of the '406 Patent and therefore are either sole or joint inventors.

115.    FlashPoint is entitled to a judicial declaration that it is the rightful owner

of the '406 Patent.

<u>**COUNT VI**</u>
<u>**(Declaratory Judgment of Inventorship of the U.S. Patent No. 6,147,703)**</u>

116.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

117.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '703 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '703 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '703 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

118.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '703 Patent and therefore are either sole or joint inventors.

119.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '703 Patent.

<u>**COUNT VII**</u>
<u>**(Declaratory Judgment of Inventorship of the U.S. Patent No. 6,441,854)**</u>

120.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

121.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '854 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '854 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '854 Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

122.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '854 Patent and therefore are either sole or joint inventors.

123.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '854 Patent.

**COUNT VIII**
**(Declaratory Judgment of Inventorship of the U.S. Patent No. 6,879,342)**

124.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

125.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '342 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '342 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '342 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

126.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '342 Patent and therefore are either sole or joint inventors.

127.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '342 Patent.

**COUNT IX**
**(Declaratory Judgment of Inventorship of the U.S. Patent No. 7,210,161)**

128.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

129.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '161 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '161 Patent, which allegation

FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '161 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

130.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '161 Patent and therefore are either sole or joint inventors.

131.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '161 Patent.

### COUNT X
### (Declaratory Judgment of Inventorship of the U.S. Patent No. 7,453,605)

132.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

133.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '605 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '605 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '605 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

134.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '605 Patent and therefore are either sole or joint inventors.

135.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '605 Patent.

### COUNT XI
### (Declaratory Judgment of Inventorship of the U.S. Patent No. 7,742,084)

136.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

137.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '084 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '084 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '084 Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

138.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '084 Patent and therefore are either sole or joint inventors.

139.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '084 Patent.

## COUNT XII
## (Declaratory Judgment of Inventorship of the U.S. Patent No. 7,936,391)

140.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

141.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '391 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '391 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '391 Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

142.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '391 Patent and therefore are either sole or joint inventors.

143.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '391 Patent.

## COUNT XIII
## (Declaratory Judgment of Inventorship of the U.S. Patent No. 6,288,743)

144.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

145.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '743 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '743 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '743 Patent, Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

146.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '743 Patent and therefore are either sole or joint inventors.

147.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '743 Patent.

## COUNT XIV
## (Declaratory Judgment of Inventorship of the U.S. Patent No. 6,542,192)

148.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

149.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '192 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '192 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '192 Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

150.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '192 Patent and therefore are either sole or joint inventors.

151.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '192 Patent.

## COUNT XV
## (Declaratory Judgment of Inventorship of the U.S. Patent No. 7,508,444)

152.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

153.    An actual and justiciable controversy exists between FlashPoint and Kodak with respect to the ownership of the '444 Patent because Kodak has brought this action against FlashPoint alleging that FlashPoint is not the owner of the '444 Patent, which allegation FlashPoint denies.  Absent a declaration of inventorship and, therefore, ownership of the '444 Patent Kodak will sell FlashPoint's patent property with no recourse for FlashPoint, and thereby cause FlashPoint irreparable injury and damage.

154.    Eric Anderson and/or Mike Masukawa contributed to one or more elements of one or more claims of the '444 Patent and therefore are either sole or joint inventors.

155.    FlashPoint is entitled to a judicial declaration that it is the rightful owner of the '444 Patent.

## COUNT XVI
## (Breach of Contract against Kodak)

156.    FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

157.    FlashPoint and Kodak entered into various contracts, including contracts effective as of January 1, 1997, March 17, 1997, November 5, 1998, and June 5, 2003.  Kodak committed significant acts in violation of these various contracts, and Kodak failed to perform

other significant acts that the various contracts required Kodak to do.  For example, Kodak

breached the 1997 and 1998 agreements in multiple ways, including: 1) by unlawfully using

FlashPoint's confidential information without FlashPoint's consent, 2) by unlawfully claiming

ownership of the Thirteen Disputed Patents, and 3) by failing to acknowledge FlashPoint's

ownership of the Thirteen Disputed Patents and/or compensate FlashPoint accordingly.

158.    At no time was Kodak excused from having to perform all of the

significant acts that the contracts required, nor was Kodak permitted to commit acts in violation

of the contracts.  Likewise, FlashPoint has satisfied its obligations under its various agreements

with Kodak.

159.    FlashPoint has been and continues to be harmed from Kodak's breach of

contract.

160.    FlashPoint is entitled to a judicial declaration that Kodak breached at least

the contracts with FlashPoint effective as of January 1, 1997, March 17, 1997, November 5,

1998, and June 5, 2003.

## COUNT XVII
### (Conversion)

161.    FlashPoint realleges and incorporates all of the preceding Paragraphs

above as though fully set forth herein.

162.    FlashPoint had ownership rights to the intellectual property it disclosed to

Kodak in the 1990s concerning digital camera technology, and to all improvements thereon.

Kodak received FlashPoint's intellectual property and prosecuted patent applications that led to

the Thirteen Disputed Patents.  Kodak intentionally took possession of Flashpoint's intellectual

property for a significant period of time, and in claiming ownership to the Thirteen Disputed

Patents, prevented FlashPoint from having access to its intellectual property.

163.   FlashPoint did not consent to Kodak's use, possession, or ownership of FlashPoint's intellectual property and improvements thereon.

164.   FlashPoint has been and continues to be harmed significantly from Kodak's unlawful conversion of FlashPoint property.

165.   As a direct and proximate result of Kodak's conversion of FlashPoint's property, FlashPoint has suffered, and will continue to suffer harm and substantial damages in the form of loss of value of the patents and the revenues derives from licenses to that property.

## COUNT XVIII
### (Deceptive Business Acts)

166.   FlashPoint realleges and incorporates all of the preceding Paragraphs above as though fully set forth herein.

167.   Kodak has engaged in unfair competition under New York State General Business Law § 349, which provides that "(a) [d]eceptive acts or practices in the conduct of any business, trade or commerce…are hereby declared unlawful."

168.   New York State General Business Law § 349(h) further provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions."

169.   The acts described above constitute deceptive acts by Kodak in the conduct of its business dealings with FlashPoint.

170.   Kodak's deceptive conduct has had an adverse effect on the public interest.  By failing to disclose to the United States Patent and Trademark Office (PTO) that the inventions described in the Thirteen Disputed Patents originated within FlashPoint, Kodak misled the PTO into granting it the Thirteen Disputed Patents.  Kodak then proceeded to assert

some of Thirteen Disputed Patents (e.g., the '218 and '335 patents) against others and obtained

licensing revenues to which it was otherwise not entitled.  These actions constitute harm to the

public interest, as the public requires companies like Kodak to engage in fair dealing with the

PTO.

      171.    As set forth above, Kodak's deceptive acts have been continuous and on-

going.

      172.    FlashPoint has been and continues to be harmed significantly from

Kodak's deceptive acts.

## COUNT XIX
### (Common Law Unfair Competition)

      173.    FlashPoint realleges and incorporates all of the preceding Paragraphs

above as though fully set forth herein.

      174.    By reason of the facts and circumstances described above, Kodak has

engaged in common law unfair competition under New York law; Kodak and FlashPoint had a

confidential business relationship which was confirmed by one or more written agreements

between the parties.  Rather than abiding its contractual obligations and, Kodak unlawfully used

FlashPoint's confidential disclosures to prosecute an application for a U.S. patent and thereby

passed off FlashPoint's technology as its own.

      175.    FlashPoint has been and continues to be harmed significantly from

Kodak's unfair acts.

## COUNT XX
### (Breach of Confidence)

      176.    FlashPoint realleges and incorporates all of the preceding Paragraphs

above as though fully set forth herein.

177.     The acts described in above constitute a breach of confidence by Kodak against FlashPoint under the common law of the State of New York.

178.     Under New York common law, a breach of confidence claim arises when (1) information is disclosed in confidence, and (2) later used by the receiving party in a manner that breaches the confidence.

179.     The information that FlashPoint disclosed to Kodak was highly confidential in nature.  The various agreements between Kodak and Flashpoint, described above, created a position of trust and fiduciary duty of confidence between the parties in regard to the confidential information exchanged between FlashPoint and Kodak.  Kodak, however, breached that position by making a public (such as in the filings to the PTO) the information that FlashPoint revealed to Kodak in confidence.  FlashPoint disclosed the information to Kodak in confidence, pursuant to the agreements.  FlashPoint took steps to protect the confidentiality of this information.  Pursuant to these agreements, Kodak had a duty of confidence not to use the information that FlashPoint disclosed, and to cooperate with FlashPoint by disclosing to FlashPoint any patentable inventions derived from FlashPoint's disclosure.

180.     Kodak breached its duty of confidence and fiduciary duty by using FlashPoint's confidential information to obtain the Thirteen Disputed Patents from the U.S. Patent & Trademark Office and failing to disclose and assign the Thirteen Disputed Patents to FlashPoint.  In so doing, Kodak unlawfully disclosed FlashPoint's confidential information to the Patent Office and to the public.

181.     FlashPoint has been and continues to be harmed significantly from Kodak's breach of confidence.

## DEMAND FOR JURY TRIAL

182.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FlashPoint hereby demands a trial by jury of all issues.

## PRAYER FOR RELIEF

WHEREFORE, FlashPoint respectfully requests that this Court:

(A)    Judgment in FlashPoint's favor on each count;

(B)    Dismiss with prejudice the Adversary Complaint For Declaratory and Injunctive Relief and each and every count contained therein;

(C)    Determine and declare that Apple has no standing to assert correction of inventorship of each and every U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; and 7,936,391);

(D)    Determine and declare that FlashPoint or Apple employees are either sole or co-inventors of each and every U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 pursuant to 35 U.S.C. § 256.

(E)    Order the U.S. Patent and Trademark Office to correct inventorship on U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 to name Eric Anderson and/or other FlashPoint or Apple employees sole or joint inventors;

(F)    Alternatively, order Kodak to sign the requisite documents to correct inventorship of U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161; 7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 to name Eric Anderson and/or other FlashPoint or Apple employees sole or joint inventors;

(G)     An order of specific performance requiring Kodak to assign its rights to U.S.

Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854; 6,879,342; 7,210,161;

7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444 to FlashPoint.

(H)     Restitution of all amounts which Kodak has received as a result of claiming

ownership of U.S. Patent Nos. 6,292,218; 5,493,335; 5,828,406; 6,147,703; 6,441,854;

6,879,342; 7,210,161; 7,453,605; 7,742,084; 7,936,391; 6,288,743; 6,542,192; and 7,508,444;

(I)     Order Kodak to disgorge to FlashPoint all monies and/or profits derived from the

wrongful conduct alleged herein;

(J)     An award to FlashPoint of the amount by which Kodak has been unjustly

enriched;

(K)     Award appropriate royalties for Kodak's use of FlashPoint's intellectual property;

(L)     Order an accounting of any monetary or other benefits received by Kodak as a

result of their wrongful conduct;

(M)     Order a constructive trust over all information, patent applications, patents,

technology, products, and other materials in the possession, custody, or control of Kodak that

wrongfully constitute, contain, were based on, and/or derived in whole or in part from the use of

FlashPoint's intellectual property, and an order that immediately transfer to FlashPoint all right,

title, and interest in such information, patent applications, patents, material, technology, and

products;

(N)     Award money damages to FlashPoint against Kodak;

(O)     Attorney' fees and costs in defending itself against this action and in bringing its

counterclaims; and

(P)      That the Court award Apple such other and further relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

FlashPoint demands trial by jury on all issues so triable.

Dated:  June 22, 2012                          **PEPPER HAMILTON LLP**

/s/ Deborah Kovsky-Apap
Deborah Kovsky-Apap (DK6147)
Suite 1800
4000 Town Center
Southfield, Michigan 48075
Telephone:  248.359.7331
Facsimile:  313.731.1572
E-mail:kovskyd@pepperlaw.com

and

COLE, SCHOTZ, MEISEL, FORMAN        William D. Belanger
& LEONARD, P.A.                     Todd A. Feinsmith
Michael D. Warner, Esq. (*Pro Hac Vice*    Lana A. Gladstein
Pending)                            19th Floor, High Street Tower
Warren A. Usatine, Esq.             125 High Street
900 Third Avenue, 16th Floor        Boston, MA 02110-2736
New York, NY 10022                  Email:belangew@pepperlaw.com
Telephone: (212) 752-8000           Telephone:  617.204.5101
Facsimile:  (212) 752-8393          Email:weingerd@pepperlaw.com
Email: mwarner@coleschotz.com       Telephone:  617.204.5175
Email: wusatine@coleschotz.com      Email:feinsmitht@pepperlaw.com
                                    Telephone: 617.204.5145

*Co-Counsel for FlashPoint Technology,    Attorneys for FlashPoint Technology, Inc.*
*Inc.*